UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MELLISSA M. VARGAS,                    ) Case No. EDCV 10-0654-DTB
                                       )
                    Plaintiff,         )
                                       )
        vs.                            ) ORDER GRANTING PLAINTIFF'S
                                       ) MOTION FOR ATTORNEY'S FEES
                                       ) PURSUANT TO 42 U.S.C. § 406(b)
CAROLYN W. COLVIN, Acting              )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )
                                       )
_____

## BACKGROUND

Plaintiff filed a Complaint herein on May 3, 2010, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on January 28, 2011. The matter was taken under submission and on September 21, 2011, the Court issued an Order Reversing Decision of Commissioner and Remanding for Further Administrative Proceedings. On January 3, 2012, the Court granted the parties' stipulation for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") for the amount of $2,550.00. Thereafter, following further administrative proceedings, plaintiff received a favorable decision awarding her Title II benefits. After plaintiff's back-due Title II benefits were

1

processed, $23,065.75 was withheld by defendant as 25% of plaintiff's past-due benefits award for the payment of attorney's fees.

On December 12, 2014, plaintiff's counsel filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) ("Motion") along with a supporting Memorandum of Points and Authorities and a Declaration of William M. Kuntz ("Counsel"), in support thereof. Counsel seeks a fee award for work performed before this Court in the gross sum of $14,065.75.

On December 16, 2014, defendant filed her Statement of Non-Opposition ("Statement") to the Motion wherein she advised the Court that Counsel "requested and was approved $9,500.00 in attorney fees under 42 U.S.C. § 406(a)" and "[s]ubtracting $9,500.00 from the total withholding of $23,065.75 equals $13,565.75." (Statement at 2.) Accordingly, defendant contends that Counsel's request of $14,065.75 exceeds the $13,565.75 amount remaining in the withholding. (Id.) While defendant notes that "Counsel states that he will 'remit to plaintiff amounts exceeding $23,065.75 . . .' the Commissioner submits that the more administratively convenient approach would be to award $13,565.75 as the balance of the withholding." (Id.) In any case, defendant states that "[w]ith respect to the amount of fees to be paid under § 406 (both sections), the Commissioner does not object to any amount that does not exceed the withholding." (Statement at 3.)

On December 23, 2014, plaintiff filed a Statement of No Reply indicating that she "does not intend to file a reply to" defendant's Statement.

For the reasons set forth below, the Court GRANTS plaintiff's Motion in the gross amount of $13,565.75.[1]

---

[1]     Since plaintiff does not dispute defendant's request for the Court to take the "more administratively convenient approach," (Statement at 2), and indeed, contends that he "will remit to plaintiff amounts exceeding $23,065.75 to the extent that the gross fees received or awarded under subsections (a) and (b) of 42 U.S.C. §
(continued...)

2

1

**APPLICABLE LAW**

2 Section 406(b)(1) of Title 42 provides:

3 Whenever a court renders a judgment favorable to a claimant . . . who was

4 represented before the court by an attorney, the court may determine and allow as part

5 of its judgment a reasonable fee for such representation, not in excess of 25 percent

6 of the total of the past-due benefits to which the claimant is entitled . . . In case of any

7 such judgment, no other fee may be payable . . . for such representation except as

8 provided in this paragraph.  42 U.S.C. § 406(b)(1)(A).

9 As construed by the United States Supreme Court, section 406(b) does not

10 replace an attorney-client agreement as the primary means by which fees are set for

11 successfully representing Social Security benefits claimants in court.  Rather, section

12 406(b) calls for a court to review an attorney fee arrangement in such circumstances

13 as an independent check, to assure that they yield reasonable results in particular

14 cases.  The only limitation provided by Congress is that such agreements are

15 unenforceable to the extent that they provide for fees exceeding 25 percent of the

16 past-due benefits.  Within this 25 percent boundary . . . the attorney for the successful

17 claimant must show that the fee sought is reasonable for the services rendered.

18 Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)

19 (citations omitted).

20 The hours spent by counsel representing the claimant and counsel's "normal

21 hourly billing charge for noncontingent-fee cases" may aid "the court's assessment

22 of the reasonableness of the fee yielded by the fee agreement."  Id. at 808.  The Court

23

24 ─────────────────

[1](...continued)

25 406 in combination exceed $23,065.75," (Motion at 19, n. 12), the Court agrees with

26 defendant and awards plaintiff in the amount of $13,565.75 with a reimbursement in

27 the amount of $2,550.00 previously paid by the Government under EAJA.  (See

28 Motion, Exh. 9 (authorizing $9,500.00 in attorney fees payable to Counsel under

section 406(a)).)

appropriately may reduce counsel's recovery based on the character of the representation and the results the representative achieved.  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  Id. (citations omitted).

## DISCUSSION

Attached to Counsel's declaration is a copy of the fully executed fee agreement with plaintiff, which, *inter alia*, provides that Counsel shall be entitled to a contingency fee of 25 percent of any back benefits received.  (Motion at 5; Kuntz Decl., ¶ 2; Motion, Exhibit 1.)  Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing plaintiff in her action before this Court.  Further, the requested section 406(b) fee does not exceed the 25 percent of plaintiff's past-due benefits authorized by the contingent fee agreement in this case or the statutory cap, and Counsel's efforts ultimately proved quite successful for plaintiff.

Moreover, the fees sought translate into an hourly rate of $909.23 for attorney services ($13,565.75 [amount of award sought] divided by 14.92 [total hours worked]).[2]  (Kuntz Decl., ¶ 5; Motion, Exh. 4.)  Based on existing authority, the fee

---

[2]    Post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates similar to those sought here.  See Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. 2010) (approving § 406(b) fees exceeding $1,000 per hour, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business"); Droke v. Barnhart, 2005 WL 2174397, at *1-2 (W.D. Tenn. 2005) (finding that an hourly rate of $830.82 for 17.9 hours of work was not unreasonable); Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D. W.Va. 2003) (rejecting Commissioner's argument that an hourly rate of $1,433.12 for 12.56 hours of work represents a windfall); Brown
(continued...)

requested is not so inordinately large in comparison with the number of hours spent by Counsel on the case that it would represent a windfall to Counsel.   Accordingly, the Court finds that such an hourly rate is reasonable for an attorney with over 20 years of experience.  (See Motion at 10; Kuntz Decl., ¶ 10; Motion, Exh. 7.)

Pursuant to Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a comparison of the benefits secured and the time Counsel spent on the matter suggests the unreasonableness of the fee sought.  Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of Gisbrecht.

**ORDER**

Section 406(b) fees are allowed in the gross amount of $13,565.75, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits.  Counsel shall reimburse plaintiff in the amount of $2,550.00 previously paid by the Government under the Equal Access to Justice Act.

DATED: January 15, 2015

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

----

2(...continued)
v. Barnhart, 270 F.Supp.2d 769, 772-73 (W.D. Va. 2003) (awarding hourly rate of $977.20 for 6.14 hours of work before the district court); Hearn v. Barnhart, 262 F.Supp.2d 1033, 1036-37 (N.D. Cal. 2003) (awarding an hourly rate of approximately $450.00 pursuant to a contingent fee agreement and collecting post-Gisbrecht cases awarding contingent fees that translated into hourly rates ranging from $187.55 to $694.44).